# IN THE SUPREME COURT OF THE STATE OF DELAWARE

JEFFREY I. JACKERSON, D.O. §
and MILFORD MEMORIAL §  No. 708, 2014
HOSPITAL and ADAM S. §
BROWNSTEIN, M.D. and §  Court Below: Superior Court
MILFORD MEDICAL §  of the State of Delaware in and
ASSOCIATES, PA and RONALD §  for New Castle County
M. LIEBERMAN, D.O. and §
DELAWARE SPINE INSTITUTE §  C.A. No. N13C-07-132
and KENT DIAGNOSTIC §
RADIOLOGY ASSOCIATES, PA, §
§
    Defendants Below, §
    Appellants, §
§
    v. §
§
CANDY VAUGHN, as §
administratrix of the ESTATE OF §
JAMES VAUGHN, CANDY §
VAUGHN as wife of James Vaughn, §
and CANDY VAUGHN in her own §
right, §
§
    Plaintiff Below, §
    Appellee. §

Submitted: January 16, 2015
Decided: January 22, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

# O R D E R

This 22nd day of January 2015, upon consideration of the notice and second supplemental notice of interlocutory appeal, it appears to the Court that:

(1)     The defendants-below/appellants (hereinafter "defendants") have petitioned this Court under Supreme Court Rule 42 ("Rule 42") to accept an interlocutory appeal from the Superior Court's order of November 24, 2014 that denied the defendants' motions for summary judgment and defendant-Milford Memorial Hospital's motion to dismiss.[1]  By order dated January 14, 2015, the Superior Court denied the defendants' application for certification and denied as moot the defendants' motion for an extension of time to file the application for certification.[2]

(2)     Under Rule 42(c)(i), an application for certification of an interlocutory appeal must be served and filed with the trial court "within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."  In this case, the defendants' application for certification was filed on December 10, 2014, sixteen days after entry of the November 24 order.  On December 17, 2014, the defendants asked the court to extend the time for filing the application and to deem the December 10 application as timely filed.  In its January 14, 2015 order, the court found that the defendants had not demonstrated good cause for the delay in filing.

---

[1] *Vaughn v. Jackerson*, 2014 WL 6669345 (Del. Super. Nov. 24, 2014).

[2] *Vaughn v. Jackerson*, 2015 WL 197312 (Del. Super. Jan. 14, 2015).

2

(3) This Court exercises its jurisdiction to accept an interlocutory appeal in accordance with Rule 42.[3] Applications for interlocutory review are addressed in the sound discretion of the Court.[4]

(4) The Court has concluded that the interlocutory appeal in this case must be refused on substantive and procedural grounds. Substantively, the Superior Court's November 24, 2014 order does not satisfy the applicable criteria in Rule 42(b). Procedurally, the defendants' application for certification was untimely filed, and the defendants were not granted an extension of time under Rule 42(c)(i).

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[3] Rule 42(a).

[4] Rule 42(d)(v).